STATE of North Dakota, Plaintiff and Appellant,

v.

Jerrold G. GRONLUND, Defendant and Appellee.

Cr. No. 1022.

Supreme Court of North Dakota.

Oct. 23, 1984.

Owen K. Mehrer, States Atty., Tom Henning, Asst. States Atty., Dickinson, for plaintiff and appellant; argued by Tom Henning, Dickinson.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellee; argued by Eugene F. Buresh, Dickinson.

PEDERSON, Justice.

The State appeals, pursuant to § 29–28–07, NDCC, from an order suppressing all the controlled substances and contraband discovered in a search of the trunk of Gronlund's car. The prosecuting attorney filed the required statement asserting that without the suppressed evidence there was no longer any possibility of successfully prosecuting the criminal charges. We reverse and remand for further proceedings in accordance with this opinion.

The case arises from events surrounding the abduction and beating of John B. Anton (Anton) on September 3, 1983. Anton alleged that he had been taken from Dickinson by several individuals including Jerrold Gronlund (Gronlund) and Clarence Jacobs (Jacobs) and driven to a nearby rural area where his assailants beat him with fists and struck him with a wooden walking cane. At one point Anton heard a sound that might have been the cane breaking as it hit his knees.

Based on Anton's statements, law enforcement officials arrested Gronlund and Jacobs and sealed Gronlund's vehicle before taking it to the Dickinson Law Enforcement Center. Anton's statements also indicated that controlled substances might be found at the Jacobs and Gronlund residences and that Jacobs often kept his stash in a green Tupperware-like container.

Three search warrants were issued on September 4, 1983. One was for the Jacobs residence to search for marijuana, one was for the Gronlund residence to search for the walking cane, and one was for the Gronlund vehicle to search for the walking cane. The walking cane was believed to have been used in the alleged assault on Anton.

During the execution of the search warrant on the car, Officer Chapman discovered a five-gallon green plastic pail in the trunk. The pail was opaque and the lid was securely fastened. He opened the container and observed an orange bong lying on top. Recognizing the bong as drug paraphernalia, the officer removed it and discovered several other containers under the bong, including tin boxes and a grocery bag. The contents of these other containers were not visible. Officer Chapman then opened the containers and found items that appeared to be controlled substances and drug paraphernalia. The pail and its contents were confiscated, inventoried and analyzed. Gronlund was subsequently charged with two counts of possession of a controlled substance with intent to deliver.

Gronlund moved to suppress the evidence of the pail and its contents on the ground that the search exceeded the scope of the warrant issued for the automobile. He did not, and does not now on appeal, contest the validity of the warrant. Rather, Gronlund argues that the search was limited to those places where an intact wooden walking cane might reasonably be found. The State, on the other hand, argues that the officers had reasonable grounds to believe the cane might be broken into one or more pieces and that these pieces might have been in the green pail. The State contends that once the officers legitimately opened the pail, they could search anything within the pail.

The trial court found that although the officers testified that Anton informed them the cane broke during the beating, that information was not reflected in the search

warrant and the officers later determined the cane was not broken. From that finding the court concluded as a matter of law that the green pail could not contain a walking cane and since the pail's contents were not readily visible, the search of the pail was an impermissible general search for drugs. Accordingly, the court ordered the pail and all items contained within it suppressed.

Both the State and Gronlund frame the issue on appeal as whether or not the search of the pail exceeded the scope of the warrant issued for the automobile. In our view the disposition of this appeal requires a more detailed inquiry. First, did the initial opening of the pail exceed the scope of the search warrant? Second, if the initial opening was proper, did the further search of the pail's contents without a warrant violate Gronlund's Fourth Amendment right to be free from unreasonable searches and seizures? The trial court decided the first question in the affirmative and, consequently, had no occasion to reach the second question.

Gronlund takes the position that the officers could not reasonably expect to find an intact wooden walking cane in a five-gallon pickle pail and because the search warrant did not specify that the cane might be broken, the officers could not look for pieces of a cane. The State contends that it would unduly hamper law enforcement officials to require that degree of specificity when the officers could reasonably believe the cane might not be intact.[1]

■ The proper inquiry is whether or not the search was reasonable under the circumstances. It is essential that the particularity requirement be applied with some degree of flexibility, depending on the type of property to be seized. *United States v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir. 1982). The purpose of the particularity requirement is to minimize the chances that the executing officer will exceed the scope of the permissible search because of confusion or uncertainty. "A rigid and unrealistic reading of a search warrant is not mandated." *People v. Noble*, Colo., 635 P.2d 203, 209 (1981), citing *People v. Lamirato*, 180 Colo. 250, 504 P.2d 661 (1972). What constitutes reasonable particularity must be determined in light of practicality, necessity and common sense. *State v. Olson*, 32 Wash.App. 555, 648 P.2d 476, 478 (1982).

■ We are unwilling to find, under the circumstances of this case, that the scope of the permissible search was limited to those places where an intact walking cane might be found. If the officers could reasonably have believed that pieces of a broken walking cane might be found in the pail, then they were entitled to open the pail despite the warrant's failure to specify "pieces." We conclude that the trial court erred in suppressing the pail and its contents, presumably on the ground that the warrant failed to specifically include the possibility of pieces of a broken cane. This conclusion is in keeping with the United States Supreme Court's recent cases emphasizing reasonable reliance and finding "good faith" exceptions to the exclusionary rule. *See generally, United States v. Leon*, ── U.S. ──, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Having determined that the pail itself was within the scope of the search warrant, we must address the question of whether or not the scope included the various con-

---

1. We note that the State relies heavily on *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) to justify its position. In *Ross*, police acted on an informant's information concerning drug sales to stop a car and arrest its driver. Upon opening the car's trunk, officers found a closed brown paper bag. They then opened the bag and discovered glassine bags containing white powder, later determined to be heroin. The question in *Ross* was whether or not the police, during the course of a legitimate warrantless search of an automobile, are entitled to open containers found within the vehicle. The court held that if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. The State characterizes *Ross* as a "container" case that applies to the instant situation, while Gronlund characterizes *Ross* as an "automobile exception" case to the search warrant requirement. We find *Ross* inapplicable to this case where a warrant was issued and its validity is not questioned.

tainers found within the pail. This particular question was not adequately raised in the trial court. On appeal, the State contends that the plain view doctrine applied as soon as the pail was opened and the entire contents were legitimate objects of a search. Gronlund argues that only the bong was in plain view and the opening and seizure of the contents of each of the containers within the pail constitute separate violations.

It seems unlikely that once the officers lifted the bong and observed numerous smaller containers they could reasonably have expected to find even broken pieces of a walking cane within the smaller containers. At that point the search exceeded the scope of the warrant. In *State v. Planz,* 304 N.W.2d 74, 79 (N.D.1981), we listed the four general exceptions to the warrant requirement: (1) a search incident to a lawful arrest; (2) a border search; (3) a valid consent to search given by an appropriate person; or (4) the evidence seized is in "plain view" of officers legally in a position to see it.

■ The "plain view" doctrine as enunciated in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) only comes into play when an officer is legitimately within a constitutionally protected area. Officer Chapman legitimately opened the pail pursuant to the valid search warrant. The plurality in *Coolidge* pointed out, however, that plain view alone never is enough to justify a warrantless seizure absent exigent circumstances. In *State v. Planz, supra,* at 81–82, we found an exception to the exigent circumstances requirement when the evidence seized is displayed in a manner that does not afford it a reasonable expectation of privacy and it is the instrumentality of the crime for which the defendant is arrested. The instant case does not fit within that narrow exception. The mere fact that the discovery of the bong was inadvertent does not alone excuse compliance with the exigent circumstances requirement. As we observed in *State v. Planz:*

". . . the exigent-circumstances requirement may be more generally thought of as a check on the police which is designed to prevent, after an intrusion into a constitutionally protected area, the wholesale seizure of items which a police officer might subjectively believe have some relation to some crime." *Id.* at 81.

There were no exigent circumstances here. Gronlund's vehicle was already impounded and Gronlund was under arrest for the assault. Some of the containers in the pail were sealed and Gronlund may well have had a legitimate expectation of privacy in them. Others, like the grocery bag, may have warranted a lesser expectation of privacy. These facts distinguish this case from *State v. Kottenbroch,* 319 N.W.2d 465 (N.D.1982), where we upheld a warrantless search of Kottenbroch's motor vehicle under both the automobile exception to the warrant requirement and the plain view doctrine.

The record does not contain adequate information concerning which, if any, of the packages in the pail were properly searched without a warrant. Accordingly, we reverse and remand for a hearing on whether or not the contents of the pail were properly suppressed.

ERICKSTAD, C.J., and SAND, VANDE WALLE and GIERKE, JJ., concur.