Jeff LORENZEN, Petitioner
and Appellee,

v.

STATE HIGHWAY COMMISSIONER,
Respondent and Appellant.

Civ. No. 11314.

Supreme Court of North Dakota.

March 2, 1987.

Fleming & DuBois, Cavalier, for petitioner and appellee; argued by Neil W. Fleming.

Steven F. Lamb, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellant.

LEVINE, Justice.

The State Highway Commissioner appeals from a district court judgment reversing an administrative agency decision to suspend Jeff Lorenzen's driving privileges. We reverse the judgment of the district court and reinstate the decision of the hearing officer.

Jeff Lorenzen was arrested by Deputy Thompson for driving while under the influence of alcohol. Lorenzen was asked to accompany Deputy Thompson to the hospital for a blood-alcohol test. Lorenzen re-fused, explaining that he was afraid of needles. Instead, he agreed to take a Breathalyzer test at the Law Enforcement Center. The results of the Breathalyzer test indicated a blood-alcohol concentration in excess of 0.10%. Following the testing, Lorenzen called his attorney. He then asked to be taken to the hospital for a blood test. Deputy Thompson denied that request.

Upon receiving notice from the Highway Commissioner that his license was to be suspended, Lorenzen requested an administrative hearing pursuant to North Dakota Century Code § 39–20–05. At the hearing, Lorenzen argued that the results of the breath test should be suppressed because he requested and was denied an independent blood test.[1] The hearing officer found that Lorenzen did not make clear to the officers that he wanted his own independent test, and issued an order suspending Lorenzen's driving privileges for a period of 91 days.

Lorenzen requested review by the district court pursuant to NDCC § 39–20–06. The district court found that Lorenzen "clearly" asked for an independent test but was refused the opportunity, therefore warranting suppression of the results of the Breathalyzer test. Judgment was entered reversing the decision of the administrative hearing officer and ordering reinstatement of Lorenzen's driving privileges.

The dispositive issue on appeal is whether a reasoning mind reasonably could determine by a preponderance of the evidence from the entire record that Mr. Lorenzen did not make clear his desire for an independent test.

■ An appeal from a district court judgment involving a license suspension by the State Highway Commissioner is governed by the Administrative Agencies Practice Act, Chapter 28–32, NDCC. In review-

---

1. The opportunity for an additional test is provided by NDCC § 39–20–02, which states in relevant part:

   "The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer with all costs of an additional test or tests to be the sole responsibility of the person charged...."

ing the evidence, we look to the record compiled before the hearing officer and not the findings of the district court. *Zietz v. Hjelle*, 395 N.W.2d 572, 574 (N.D.1986). Our review of the factual basis of an administrative decision is limited to a consideration of the following questions:

"(1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law?" *Dodds v. North Dakota State Highway Commissioner*, 354 N.W.2d 165, 168 (N.D.1984).

In reviewing the findings of an administrative agency, we exercise restraint and do not substitute our judgment for that of the agency. *Dodds, supra* at 169.

The Highway Commissioner argues that the administrative hearing officer's finding of fact that Lorenzen did not make clear his desire for an independent test was supported by a preponderance of the evidence. We agree.

█ In deciding whether the findings of fact made by an administrative agency are supported by a preponderance of the evidence, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). We do not decide whether the hearing officer was right in his factual determinations and inferences. *Id.*

At the administrative hearing, Deputy Thompson testified as follows:

"First of all, Mr. Lorenzen did again refuse to go to the hospital with us. We did not take it as a refusal to take a test because he was going to cooperate with us for the Breathalyzer. Both myself and Officer Wes Meidinger were present at this conversation. We informed him of the implied consent and he said specifically, no, I'm not going to refuse to take the test. I just don't want a blood test. I don't like needles and, no, I won't cooperate with you at the hospital.

"After speaking with his attorney, Mr. Lorenzen said, I will now go to the hospital with you. I understood this is as okay, he was now going to cooperate with me on the test I asked him for in the first place. My answer was, we are not going to the hospital now. I no longer want that test. I have my Breathalyzer test."

Lorenzen testified that the conversation after the phone call to his attorney went as follows:

"I turned around, the phone still in my hand, and I asked to go down to the hospital, I'd like to take a blood test. And they refused me. They said, no, you're not going anywhere right now."

Based on this testimony the hearing officer made the following findings of fact:

"When asked if he [Lorenzen] would go to the hospital for a blood test he refused. He submitted to a breathalyzer test and afterwards spoke with his attorney by phone. He told the officers he was then willing to go for the blood test. The officers told him it would not be necessary because he submitted to the breath test. According to the testimony it appears that Mr. Lorenzen did not make clear to the officers that he wanted his own independent test."

█ Given the circumstances preceding Lorenzen's phone call to his attorney, we believe the evidence supports the hearing officer's finding of confusion. When initially offered a blood test, Lorenzen refused to cooperate and stated that he disliked needles and did not want a blood test. Under these circumstances, we deem reasonable Deputy Thompson's belief that Lorenzen's subsequent request was a belated response to the original offer of a blood test and an indication of a change of heart, namely, that he was now willing to cooperate and have a blood test. Lorenzen made no attempt to clarify his request or clear up the confusion created by his earlier conduct. Therefore, we conclude that a reasoning mind reasonably could have determined, based upon a preponderance of the

evidence, that Lorenzen did not make clear his request was for an independent test.

Accordingly, the judgment of the district court is reversed and the decision of the hearing officer is reinstated.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.