STATE of North Dakota, Plaintiff
and Appellee,

v.

Jeffrey Allen LORENZEN, Defendant
and Appellant.

Cr. No. 1209.

Supreme Court of North Dakota.

March 2, 1987.

Michael E. Keller, Asst. State's Atty., Grafton, for plaintiff and appellee.

Fleming and DuBois, Cavalier, for defendant and appellant; argued by Neil W. Fleming.

LEVINE, Justice.

This is the criminal counterpart to *Lorenzen v. State Highway Commissioner*, 401 N.W.2d 526 (N.D.1987). Jeffrey Allen Lorenzen appeals from a judgment of conviction of driving while under the influence. We affirm.

Deputy Thompson arrested Lorenzen for driving while under the influence of alcohol and requested that Lorenzen take a blood-alcohol test at the hospital. Lorenzen was uncooperative and refused to go to the hospital for the blood test because he was afraid of needles. However, he agreed to submit to a Breathalyzer test at the Law Enforcement Center. Upon completion of the test, Lorenzen called his attorney and then requested to be transported to the hospital for a blood test. Deputy Thompson denied that request.

Lorenzen moved to have the results of the Breathalyzer test suppressed on the ground that his request for an independent blood-alcohol test pursuant to North Dakota Century Code § 39–20–02 was refused. This same argument was presented at the administrative hearing to review the Highway Commissioner's suspension of Lorenzen's driving privileges. *See Lorenzen v. State Highway Commissioner*, 401 N.W.2d 526 (N.D.1987). At the hearing on the motion to suppress, the transcript of the administrative hearing was admitted in lieu of oral testimony. The trial court denied the motion to suppress concluding that Lorenzen did not make clear that the blood test he requested was to be his own independent additional test.

A trial court's denial of a suppression motion will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's determination. *State v. Placek*, 386 N.W.2d 36, 37 (N.D.1986).

Because conflicts in testimony are resolved in favor of affirmance, we focus on Deputy Thompson's testimony at the administrative hearing, particularly the following passage:

"First of all, Mr. Lorenzen did again refuse to go to the hospital with us. We did not take it as a refusal to take a test because he was going to cooperate with

us for the Breathalyzer. Both myself and Officer Wes Meidinger were present at this conversation. We informed him of the implied consent and he said specifically, no, I'm not going to refuse to take the test. I just don't want a blood test. I don't like needles and, no, I won't cooperate with you at the hospital.

"After speaking with his attorney, Mr. Lorenzen said, I will now go to the hospital with you. I understood this is as okay, he was now going to cooperate with me on the test I asked him for in the first place. My answer was, we are not going to the hospital now. I no longer want that test. I have my Breathalyzer test."

Lorenzen relies on his testimony that after the phone call to his attorney, he

"... turned around, the phone still in my hand, and I asked to go down to the hospital, I'd like to take a blood test. And they refused me. They said, no, you're not going anywhere right now."

Lorenzen argues that Deputy Thompson could have interpreted the statement set out above only as a request for an additional test because it was made while Lorenzen was in custody, after he had submitted to a breath test, and immediately after he consulted with his attorney. Had there been no prior offer and rejection of a blood test, Lorenzen's argument would be persuasive.

However, these earlier events cannot be ignored. They spawned the ambiguity in Lorenzen's request for a blood test and obscured his true wishes. Confusion was created by Lorenzen's initial refusal to cooperate with the officers and go to the hospital for a blood test and by his statements that he did not like needles and did not want a blood test. Under these circumstances, we believe Deputy Thompson reasonably concluded that Lorenzen's request was an acceptance of the original offer of a blood test and an indication that he would now cooperate.

Our consideration of the particular circumstances in this case leads us to conclude that there was sufficient competent evidence fairly capable of supporting the trial court's determination that Lorenzen did not make clear to Deputy Thompson or to any other law enforcement officer that the blood test he requested was to be his own independent additional test.

Accordingly, we affirm both the order denying Lorenzen's suppression motion and the judgment of conviction.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.