**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Steven C. BENJAMIN, Defendant and Appellant.**

**Cr. No. 870040.**

Supreme Court of North Dakota.

Jan. 12, 1988.

Tom P. Slorby (argued), State's Atty., Minot, for plaintiff and appellee.

Teevens, Johnson & Montgomery, Minot, for defendant and appellant; argued by Bruce R. Montgomery.

MESCHKE, Justice.

Steven C. Benjamin appeals from a jury conviction of possession of marijuana with intent to deliver. We affirm.

On December 3, 1985, Dale Maixner, an agent for the North Dakota Drug Enforcement Unit, arranged to purchase marijuana from Robert Hoff and Zane Schlak. During the negotiations, Hoff and Schlak made known that they would get the marijuana from somebody living at Odd's Trailer Court in Minot. A police surveillance team

at the trailer court observed Hoff and Schlak enter trailer number 8 at 7:05 p.m. Hoff and Schlak spent about ten minutes at the trailer and then went to an agreed meeting place to deliver the marijuana to Maixner. After Hoff and Schlak left the trailer, the surveillance team observed someone, later identified as Steven, leave the trailer, and, shortly after, also observed another person, later identified as John Otheim, exit and place a bag inside a black and white pickup parked in front of the trailer.

A warrant was obtained authorizing the search of Steven, the trailer, and the pickup. Pursuant to that warrant the police searched the trailer and pickup shortly after 9 p.m. on December 3, 1985. Charles Benjamin and Otheim were present, but Steven was not and he was not searched. The search resulted in the seizure of approximately four grams of marijuana and paraphernalia from the trailer and more than two pounds of marijuana in forty-six separate bags from the pickup.

Steven was charged with possession of a controlled substance with intent to deliver. He moved to suppress the fruits of the search of the trailer and pickup, contending that the officers failed to comply with N.D. R.Crim.P. 41(d),[1] because they did not leave a copy of the search warrant at the trailer. Steven's motion did not request return of the seized property but, instead, stated that the property was not his. Steven also sought to dismiss the charge, stating that he was not in possession of the premises searched or the marijuana seized. The State took the position that Steven did not have standing to challenge the search be-

cause he did not have a legitimate expectation of privacy in the places searched.

The trial court refused to suppress, ruling that Steven lacked standing to question the search because he had failed to establish that he had a legitimate expectation of privacy in the trailer or pickup. The court thus did not get to Steven's argument about N.D.R.Crim.P. 41(d). At Steven's trial, the marijuana was admitted into evidence over his objection, and the jury returned a guilty verdict.

The issue is whether Steven had standing to challenge the search of the trailer and pickup. He argues that he did because he was named in the search warrant and was the obvious focus of the investigation. He also asserts that he had standing because, although he did not live in the trailer, he owned it.

In *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), the United States Supreme Court overruled the automatic standing rule of *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), which had given a defendant charged with a possessory crime automatic standing to challenge the legality of a search. In *Salvucci*, the defendants were charged with unlawful possession of stolen mail. The Court held that defendants charged with possessory crimes may invoke the remedy of the exclusionary rule only if their own Fourth Amendment rights have been violated. Thus, analysis of standing for exclusion depends upon whether the defendant had a legitimate expectation of privacy in the places searched. *See also, Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.

1. N.D.R.Crim.P. 41(d), provides:

"*(d) Execution and Return With Inventory.* The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, if he is present, or, if not present, shall leave the copy and receipt at the place from which the property was taken. The return must be made promptly and must be accompanied by a written inventory of any property taken. The inventory must be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or, if not present, in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and must be verified by the officer. The magistrate upon request shall deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant."

2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Intricate distinctions of property and tort law do not determine standing, and while property ownership is a consideration, it neither begins nor ends the inquiry. *Salvucci, supra; Rakas, supra. Rakas* also specifically rejected a "target" theory of standing for any criminal defendant at whom a search was directed. *Rakas* required the suppression movant to establish that he had a legitimate expectation of privacy in the places searched.

■ The evidence at this suppression hearing principally dealt with the law officers' compliance with N.D.R.Crim.P. 41(d). Steven did not present any evidence to establish that he had a legitimate expectation of privacy in the trailer or pickup. Rather, his motion to suppress said that he did not want the marijuana returned because it was not his, and his motion to dismiss the charge said that he was not in actual or constructive possession of the premises searched or the items seized. Steven's own statements put him in a posture where he lacked standing. We conclude that Steven did not establish that he had a legitimate expectation of privacy in the trailer or pickup for purposes of the Fourth Amendment.

Nevertheless, Steven asserts standing under the North Dakota Constitution. He argues that under the broad rights reflected in the "reputation" clause of Article 1, Section 1,[2] he has standing because the search warrant was directed at his person and his property.

In *State v. Lind*, 322 N.W.2d 826 (N.D. 1982), we recognized that we may apply higher state constitutional standards than required by the United States Constitution. However, we concluded that it was proper to permit only those defendants whose Fourth Amendment rights have been violated to benefit from the exclusionary rule's protections, and we thus declined to

adopt a higher standard under our state constitution. We adhere to that view.

■ While Steven was named in the search warrant, he was not personally searched. Conferring standing under those circumstances would return to the "target" theory rejected in *Rakas, supra.* We decline to do so, and we are not persuaded that any different analysis of standing is required by the "reputation" clause of our state constitution.

The conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

2. N.D.Const., Article 1, § 1, provides, in part: "All individuals are by nature equally free and independent and have certain inalienable rights, among which are those of ... acquiring, possessing and protecting property and reputation; ..."