(January 12, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREGA, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 22, 1986, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree.

When defendant's appeal from his convictions of the aforementioned crimes was originally before this court, the convictions for rape in the first degree, sodomy in the first degree and sexual abuse in the first degree were reversed on the ground that County Court, in charging the jury regarding the forcible compulsion element of each of those crimes (see, Penal Law § 130.35 [1]; § 130.50 [1]; § 130.65 [1]), improperly changed the theory of prosecution, requiring reversal as a matter of law (132 AD2d 749). The change in prosecution theory consisted of submitting to the jury the alternative definitions of forcible compulsion, namely, the use of physical force or express or implied threats which placed the victim in fear of immediate death or physical injury (Penal Law § 130.00 [8] [a], [b]), whereas the indictment only charged that the forcible compulsion employed by defendant to accomplish the crimes was that of physical force.

On the People's appeal to the Court of Appeals, that court reversed, holding that County Court's submission of the alternative forms of forcible compulsion was, at most, harmless error, since the prosecution's evidence at the trial established solely the use of actual force, without the employment of any express or implied threats, and defendant's evidence was solely to the effect that the victim had consented to the acts committed (72 NY2d 489, 496-497). Because the evidence at the trial related only to defendant's use of actual force, as alleged in the indictment, defendant was in fact tried and convicted of only the crimes and theories charged in the indictment and, hence, was not prejudiced by County Court's error in its instructions to the jury (supra). The Court of Appeals remitted the case to this court for review of the facts.

On remittitur, defendant attempts to argue that there was evidence from which the jury could have concluded that implied threats were employed. This contention, however, is completely foreclosed by the Court of Appeals decision, since it was precisely because of the absence of such evidence that the court concluded that the error in instructing the jury was

harmless. We also decline to entertain in the interest of justice defendant's unpreserved objection, raised for the first time before the Court of Appeals *(supra,* at 497, n 2), that the merger doctrine precludes defendant's conviction for unlawful imprisonment.

Upon consideration of the facts, we conclude that defendant's convictions are amply supported by and in accord with the weight of the evidence. Therefore, the conviction should be affirmed in all respects.

Judgment affirmed. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.