STATE of North Dakota, Plaintiff
and Appellee,

v.

Daniel RAYWALT, Defendant
and Appellant.

Cr. No. 880359.

Supreme Court of North Dakota.

Aug. 15, 1989.

Michael Ray Hoffman (argued), Bismarck, attorney for defendant and appellant.

Wayne D. Goter (argued), Asst. State's Atty., Mandan, for plaintiff and appellee.

LEVINE, Justice.

Daniel Raywalt appeals from a judgment of conviction entered upon a jury verdict finding him guilty of delivery of a controlled substance. We affirm.

On November 25, 1987, pursuant to a search warrant, police officers entered and searched an apartment in Mandan while a party was in progress. They found various drug paraphernalia commonly associated with the drug, methamphetamine, also known as crank. Raywalt, who was on probation, was present at the party. A probation officer searched him, pursuant to a search clause in Raywalt's conditions of probation, and found a recipe for methamphetamine.

Raywalt was arrested on December 7, 1987, for delivering methamphetamine to Melissa Pankow at the party on November 25, 1987. After being advised of his Miranda rights, Raywalt told a police officer that he had injected crank into Pankow while at the party in the Mandan apartment.

Raywalt moved to suppress the recipe and the statements made to the police officer. After a hearing, the trial court denied the motion. A jury found Raywalt guilty of delivery of a controlled substance. Following a hearing on the State's request for an extended sentence, the trial court found Raywalt to be a dangerous special offender and sentenced him to a term of fifteen years imprisonment. Raywalt appealed.

Raywalt first asserts that because there was no probable cause to search the apartment, the recipe and the statements made to the police officer after his arrest were fruits of an illegal search, recovered in violation of the United States and North Dakota Constitutions. The State counters that Raywalt lacks standing to challenge the probable cause to search the apartment. We agree with the State.

■ Once the State raises lack of standing, it is the defendant's burden to establish that he had a legitimate expectation of privacy in the place searched. *State v. Benjamin*, 417 N.W.2d 838, 839–40 (N.D. 1988). Raywalt has made no showing that he had an expectation of privacy in the apartment. Nor did he file a reply brief to respond to the State's argument that he lacked standing. We conclude that Raywalt failed to establish his standing to chal-

lenge the search of the apartment under either the United States Constitution or the North Dakota Constitution. *See State v. Benjamin, supra; State v. Lind,* 322 N.W.2d 826, 833 (N.D.1982).

Raywalt next contends that the search of his person was unreasonable because it was a subterfuge for a criminal investigation.

In *State v. Perbix,* 331 N.W.2d 14, 21 (N.D.1983), we held that "conditions of probation requiring the probationer to submit to warrantless searches by probation officers or law enforcement officers, to the extent such searches contribute to the rehabilitation process; are not used as a subterfuge for criminal investigations; and are performed in a reasonable manner, are valid and not violative of the Fourth Amendment." We declined to impose the requirement that probationer-searches may be conducted only upon reasonable suspicion or probable cause. *Id.* Raywalt, present at a party where the police found drug paraphernalia, and on probation, was searched by a probation officer. The predominant purpose of the search was to determine whether Raywalt's conditions of probation had been violated, and in that sense, the search contributed to the rehabilitation process and was reasonable. We hold that the search did not violate Raywalt's Fourth Amendment rights.

Raywalt also contends that the trial court abused its discretion in admitting the methamphetamine recipe into evidence under Rules 403 and 404(b), NDREv.[1] He claims possession of the recipe was not relevant to the question of what substance was delivered, and the danger of unfair prejudice exceeded any probative value of the recipe.

We cannot conclude that the trial court abused its discretion in deeming the recipe relevant and not unfairly prejudicial. Because no methamphetamine was found in the search of the apartment or the search of Raywalt, the recipe was relevant to show the identity of the controlled substance that Raywalt allegedly injected into Pankow. As to the prejudicial impact of such evidence, it appears that no evidence of Raywalt's prior conviction of possession of drug paraphernalia, arising from his possession of the recipe, was admitted. *See State v. Raywalt,* 436 N.W.2d 234 (N.D.1989). We conclude that the trial court did not abuse its discretion.

Raywalt asserts that the trial court erred in its instructions by failing to require the jury to find that Raywalt delivered not merely a controlled substance, but specifically, methamphetamine, to Melissa Pankow, because it was methamphetamine that the information charged Raywalt with delivering. The State concedes that it is required to prove beyond a reasonable doubt the elements of the offense charged, but argues that it is not required to prove every factual allegation set forth in the criminal information. *State v. Tranby,* 437 N.W.2d 817, 823 (N.D.1989).

The information charged that Raywalt:[2]

"committed an offense of Delivery of a Controlled Substance in violation of Section 19–03.1–23 of the North Dakota Century Code by then and there:

Delivering a controlled substance, namely Methamphetamine, to Melissa Pankow. Methphetamine is classified in Schedule II, Section 19–03.1–05, North Dakota Century Code."

1. Rule 403, NDREv, provides:
   "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
   Rule 404(b), NDREv, provides:
   "(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity

therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

2. Raywalt was charged with violating NDCC § 19–03.1–23(1), which provides:
   "It is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance...."

The trial court instructed the jury as follows:

"In this case, the following facts, that is, material allegations, must be proved beyond a reasonable doubt to justify a verdict of guilty.

1. that the defendant
2. delivered
3. a controlled substance."

Raywalt relies on *People v. Grega,* 72 N.Y.2d 489, 534 N.Y.S.2d 647, 531 N.E.2d 279 (Ct.App.1988)[3] for the proposition that the State must prove the description of the conduct that resulted in commission of the crime as alleged in the indictment. Raywalt's reliance is misplaced. In *Grega* the prosecution attempted to prove at trial a different theory on the cause of death than was alleged in the indictment. 534 N.Y. S.2d at 651, 531 N.E.2d at 283. The court concluded that the prosecution was "not then free to present proof at trial that virtually ruled out that theory as the cause of death [as alleged in the indictment] and substituted another one...." [Citations omitted.] *Id.* at 652, 531 N.E.2d at 284. *Grega* is distinguishable. Here, there was no variance between the allegations in the information and the proof at trial. The only evidence the State presented was that Raywalt injected methamphetamine into Melissa Pankow. Therefore, *Grega's* holding that the State cannot allege one theory and prove another is inapposite to this case.

■ Raywalt provides no other authority in support of his argument that the jury instructions were flawed. However, we need not decide whether the jury instructions were erroneous because any error would be harmless because the instructions, as a whole, adequately advised the jury of the law, and the State's evidence at trial established solely the allegations alleged in the information. *See State v. Tranby, supra; see also People v. Grega,* 146 A.D.2d 871, 536 N.Y.S.2d 581, 582 (A.D. 3 Dept.1989).

If the trial court's instructions to the jury, as a whole, correctly and adequately advise the jury of the law, the instructions are sufficient, even if part of the instructions standing alone may be insufficient or erroneous. *State v. White,* 390 N.W.2d 43, 44–45 (N.D.1986). If jury instructions, when read as a whole, are erroneous, relate to a subject central to the case, and affect the substantial rights of the accused, it is grounds for reversal. *Id.*

The jury was instructed that the information charged "[t]hat the defendant delivered a controlled substance, namely methamphetamine to Melissa Pankow." The trial court further instructed the jury that methamphetamine is a controlled substance. At trial, the State presented only one theory, that Raywalt delivered methamphetamine to Melissa Pankow by injecting it into her. There could have been no confusion as to the nature of the controlled substance because the evidence revealed that only one drug, methamphetamine, was delivered. Raywalt did not contend that he delivered a drug other than methamphetamine. In his closing argument, Raywalt's counsel explained: "This case, I want you to know, was not a case of methamphetamine versus cocaine. We're not saying that that is an issue. We're denying the delivery." Raywalt's defense was that he did not inject anything into Pankow. Therefore, we conclude that the error, if any, in the jury instructions did not affect Raywalt's substantial rights, and is, therefore, harmless. Rule 52(a), NDRCrimP.

The same analysis is dispositive of Raywalt's contention that the trial court erred in failing to require the jury to determine the identity of the person to whom the drug was delivered, namely, Melissa Pankow. We hold that any error is harmless because the jury instructions, as a whole, adequately advised the jury of the law, and there could have been no confusion as to the person to whom methamphetamine was delivered. The only evidence of delivery

---

**3.** *People v. Grega,* 72 N.Y.2d 489, 534 N.Y.S.2d 647, 531 N.E.2d 279 (Ct.App.1988) involved two consolidated cases, *People v. Grega* and *People v. Roberts.* Only the case of *People v. Grega* was appealed, and the New York Appellate Court affirmed. *People v. Grega,* 146 A.D.2d 871, 536 N.Y.S.2d 581 (A.D. 3 Dept.1989). Raywalt relies only on *People v. Roberts.* [Consolidated with *People v. Grega,* 72 N.Y.2d 489, 534 N.Y.S.2d 647, 531 N.E.2d 279 (Ct.App.1988)].

was that Raywalt injected the drug, methamphetamine, into Pankow.

Raywalt further contends that the court erred in not requiring a presentence investigation before finding that he was a dangerous special offender, and in imposing an extended sentence.

A court may sentence a convicted offender to an extended sentence as a dangerous special offender as provided under NDCC § 12.1–32–09. Subsection 4 provides: "Upon any plea of guilty, or verdict or finding of guilt of the defendant of such felony, a hearing shall be held, before sentence is imposed, by the court sitting without a jury. *Except in the most extraordinary cases*, the court shall obtain a presentence report...." [Emphasis added.] NDCC § 12.1–32–09(4).

■ The statute does not define an "extraordinary case," and, therefore, allows the trial court some discretion to determine whether the case at hand is a most "extraordinary case." Raywalt had only recently been convicted of possession of drug paraphernalia, had a prior conviction of two counts of delivery of a controlled substance, and a prior conviction of burglary. Raywalt had notice of the State's intent to request an extended sentence under the statute. The trial court inquired whether Raywalt wanted a presentence report. Raywalt and the State informed the court that they did not want a report. We conclude there was no abuse of discretion.

We have considered Raywalt's other arguments and they do not affect our decision. Accordingly, we affirm.

ERICKSTAD, C.J., and MESCHKE, VANDE WALLE and GIERKE, JJ., concur.