**STATE of North Dakota, Plaintiff and Appellant,**

v.

**David L. HUETHER, Defendant and Appellee.**

**Cr. No. 890261.**

Supreme Court of North Dakota.

March 27, 1990.

Phyllis Ann Ratcliffe, State's Atty., Carson, for plaintiff and appellant.

Vinje Law Firm, Bismarck, for defendant and appellee; argued by Ralph A. Vinje.

LEVINE, Justice.

The State appeals from an order suppressing evidence obtained in a warrantless search of David Huether's pickup truck. We affirm.

Rick Michels, a state highway patrol officer, stopped Huether for speeding. Michels detected the odor of alcohol on Huether's breath and asked if he had been drinking. Huether admitted to drinking and volunteered that there was an unopened six-pack of beer in his truck. Michels suspected an open container and obtained Huether's consent to search the truck for open containers.

The officer opened the driver's door to Huether's truck and saw on the floor by the passenger seat a paper sack containing what he believed to be a six-pack of beer. However, he did not open this bag. Instead, he directed his attention to a small paper bag, pushed partly under the front seat. Huether told the officer that bag contained only garbage.

The officer pulled the bag from under the seat and opened it. It contained thirty-three packets, later determined to contain amphetamine hydrochloride, a controlled substance. Huether denied both ownership of the bag and knowledge of its contents. He was then arrested and charged with possession with intent to deliver a controlled substance in violation of NDCC § 19–03.1–23(1)(b).

Huether moved to suppress the evidence of controlled substance. The district court granted the motion to suppress, finding that the search of the paper bag exceeded the scope of Huether's consent, was not supported by probable cause and that Huether had a reasonable expectation of privacy in the vehicle. The State appealed, challenging these determinations.

The trial court's disposition on a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's determination. *State v. Lorenzen*, 401 N.W.2d 508, 508 (N.D.1987). With that standard in mind, we consider the State's arguments for reversal.

The State first argues that Huether does not have "standing"[1] to contest the search of the paper bag because he abandoned the paper bag and therefore relinquished any legitimate expectation of privacy in it. The State does not dispute Huether's ownership, occupation or control of the vehicle in which the paper bag was found, his possession of the paper bag at the time of the search or his control over it. Instead, the State argues that when Huether stated to the police officer, after the contraband was uncovered, that "the bag wasn't his and he didn't know what was inside of it," he lost any expectation of privacy in the bag.

A warrantless search or seizure of property that has been abandoned does not violate the fourth amendment. *United States v. Thomas*, 864 F.2d 843 (D.C.Cir.

---

1. Although "standing" in its traditional form is no longer part of fourth amendment analysis, the term continues to be used as convenient shorthand for the concept of "legitimate expectation of privacy." *See Rakas v. Illinois*, 439 U.S. 128, 139, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978). In *Rakas*, the Supreme Court "discarded reliance on concepts of 'standing' in deter-

mining whether a defendant is entitled to claim the protections of the exclusionary rule. The inquiry, after *Rakas*, is simply whether the defendant's rights were violated by the allegedly illegal search or seizure." *United States v. Salvucci*, 448 U.S. 83, 87 n. 4, 100 S.Ct. 2547, 2551 n. 4, 65 L.Ed.2d 619 (1980).

1989). Abandonment, in the fourth amendment sense, is primarily a question of intent which may be inferred from words, acts and other objective facts. *United States v. Burnette,* 698 F.2d 1038 (9th Cir.), *cert. denied,* 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983). Abandonment implies a renunciation of any reasonable expectation of privacy and is a question of fact. *United States v. Alden,* 576 F.2d 772 (8th Cir.), *cert. denied,* 439 U.S. 855, 99 S.Ct. 167, 58 L.Ed.2d 161 (1978). If the person alleged to have abandoned property intends to retain his or her privacy interest in that property, there has been no abandonment. *United States v. Burnette, supra.* Because resolution of whether a place or object has been abandoned depends upon a factual inquiry, the ultimate determination is reviewed under a clearly erroneous standard. *United States v. Thomas, supra.*

The State points to Huether's denial of ownership as conclusive evidence of abandonment. However, the trial court apparently determined that Huether's disavowal of ownership of the paper bag, standing alone, was not a renunciation of Huether's reasonable expectation of privacy in the bag.

While a disclaimer of ownership or knowledge may well be evidence that a defendant does not reasonably expect the article to be free from intrusion, *State v. Benjamin,* 417 N.W.2d 838 (N.D.1988), such disclaimer is "not necessarily the hallmark for deciding the substance of a fourth amendment claim." *United States v. Hawkins,* 681 F.2d 1343, 1346 (11th Cir.), *cert. denied,* 459 U.S. 994, 103 S.Ct. 354, 74 L.Ed.2d 391 (1982). As we said in *State v. Benjamin,* "[W]hile property ownership is a consideration, it neither begins nor ends

the inquiry." 417 N.W.2d at 840. *But cf., State v. Klodt,* 298 N.W.2d 783 (N.D.1980) [upholding search on basis of plain view but conferring "threshold standing" based either on ownership or legitimate expectation of privacy in vehicle, or both.] In the same way that ownership alone may not be sufficient to confer or retain a reasonable expectation of privacy, *e.g., Benjamin; Thomas, supra,* disavowal of ownership alone may not be enough to relinquish one's reasonable expectation of privacy. *See Hawkins, supra; Commonwealth v. Holloway,* 9 Va.App. 11, 384 S.E.2d 99 (1989). This is especially true where, as here, the paper bag is contained and controlled within an area where there is a legitimate expectation of privacy. *See People v. Cameron,* 73 Misc.2d 790, 342 N.Y. S.2d 773 (Sup.Ct.1973). Huether did not discard or place the bag in a public place. *Cf. City of St. Paul v. Vaughn,* 306 Minn. 337, 237 N.W.2d 365 (1975) [defendant who tucked eyeglass case under a counter at business establishment, had no reasonable continued expectancy of privacy in the discarded property].

■ There is little doubt that Huether had an expectation of privacy in his vehicle and in every container therein that concealed its contents from plain view. *United States v. Ross,* 456 U.S. 798, 823, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). There is no constitutional distinction between paper bags and other kinds of containers. *Id.* Furthermore, where the disclaimer comes only after the search of the disclaimed article reveals contraband, the disclaimer, made in an effort to avoid making an incriminating statement, should not alone be deemed to constitute abandonment.[2] *State v. Isom,* 196 Mont. 330, 641

---

**2.** The State relies heavily on *United States v. Veatch,* 674 F.2d 1217 (9th Cir.1981), to support its contention that the evidence seized should not have been suppressed. Veatch was a passenger in a vehicle occupied by two other persons. The vehicle was stopped and the officer, noting a gun and wallet in plain view in the back seat where Veatch had been sitting, asked Veatch if the wallet were his and if he wanted to take it with him. Veatch denied ownership of the wallet. The Court of Appeals affirmed the trial court's finding that Veatch abandoned the

wallet and any reasonable expectation of privacy in it. We believe the primary distinction that renders *Veatch* inapposite is that Veatch was a passenger in a vehicle and thus did not have any reasonable expectation of privacy in the vehicle. Further, his disclaimer of ownership preceded the search of the wallet. The abandonment was therefore complete by the time the officer searched the wallet, leaving Veatch with no privacy interest in the wallet at the time of the search. The same court which decided *Veatch*

P.2d 417 (1982); *State v. Machlah*, 505 N.E.2d 873 (Ind.Ct.App.1987); 4 W. LaFave, *Search and Seizure* § 11.3(f) at 343. Under the circumstances, we find no error in the district court's underlying determination that Huether had an expectation of privacy in the bag thereby retaining the protection of the fourth amendment.

■ The State next argues that the search of the paper bag was within the scope of Huether's consent. The question whether a search exceeds the scope of consent is a factual one, *United States v. Mines*, 883 F.2d 801, 803 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989), and thus subject to the clearly erroneous standard of review. *See State v. Padgett*, 393 N.W.2d 754, 757 (N.D.1986); *State v. Packineau*, 423 N.W.2d 148, 151 n. 1 (N.D.1988).

■ A consent search is an exception to both the warrant and probable cause requirements of the fourth amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); *Mines, supra. See State v. Gronlund*, 356 N.W.2d 144 (N.D.1984). It must be conducted according to the limitations placed upon an officer's right to search by the consent or the search loses its validity. *United States v. McBean*, 861 F.2d 1570 (11th Cir.1988).

■ The trial court found that: "There is some difference as to exactly what was said, but there is no dispute that the defendant consented to the search of his vehicle but for the limited purpose of determining whether there was an open receptacle containing an alcoholic beverage." This finding is supported by the officer's testimony:

"[DEFENSE COUNSEL] Q. I'm going to read from your preliminary hearing just briefly ... 'I then asked Mr. Huether if I could check his vehicle, search—check for open containers, and he said, yes, I could. There was nothing open in there.' Is that a correct statement of what occurred?

"[OFFICER MICHELS] A. I believe so, yes.

"Q. So, your permission to search was limited to searching for open containers; is that correct?

"A. That was my intent, yes."

The trial court found that the search of the paper bag exceeded the scope of Huether's consent because, given the paper bag's appearance and location, it could not reasonably be expected to contain the open container for which the officer was authorized by Huether's consent to search. A more likely receptacle, but one into which the officer did not look, was the larger paper sack on the floor by the front passenger seat. In this larger paper sack, the trial court found, the officer could detect "what was apparently a '6–pack'." Yet, as the trial court noted, the officer chose to ignore the obvious and zero in on the much smaller bag tucked partly under the front seat. That the smaller bag could not have held a bottle or a can became obvious once the officer pulled it from under the seat. Although this bag had neither the weight nor the shape of an alcoholic beverage container the officer "decided nevertheless to open the sack to see what was in it." This was impermissible under *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

*Ross* involved a warrantless vehicle search conducted pursuant to probable cause rather than consent. The Court in *Ross* held that the scope of a search is defined by the object of the search and is thus limited to places in which there is probable cause to believe that it may be found. *Id.* The rule articulated in *Ross* has also been applied to consent searches. *United States v. Kapperman*, 764 F.2d 786 (11th Cir.1985); *United States v. White*, 706 F.2d 806 (7th Cir.1983). *See* 3 W. La-

recognized in *United States v. Burnette*, 698 F.2d 1038, 1048 n. 19 (9th Cir.), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983), that a mere disclaimer is usually not enough to constitute abandonment. Generally, abandonment is found only where the disclaimer is coupled with a physical relinquishment of the property. *See United States v. Kendall*, 655 F.2d 199 (9th Cir.) *cert. denied*, 455 U.S. 941, 102 S.Ct. 1434, 71 L.Ed.2d 652 (1981); *United States v. Jackson*, 544 F.2d 407 (9th Cir.1976).

Fave, *Search and Seizure* § 8.1(c) at 165–67 [a description of the objects to be sought in search limits scope of that search].

In essence, the State argues that Huether's authorization to Michels constituted general consent to search his vehicle. The trial court found otherwise, determining that Michels exceeded the scope of Huether's consent and conducted a general exploratory search. We conclude that the trial court's finding was not clearly erroneous.

Finally, the State argues that the search was nevertheless valid because the officer had probable cause to believe that the bag might contain the open container. This argument fails for the same reason the consent argument fails: the district court found that the bag could not reasonably be expected to conceal an open container. *Ross, supra*, 456 U.S. at 824, 102 S.Ct. at 2172. *See State v. Schinzing*, 342 N.W.2d 105, 109–110 (Minn.1983) [suggesting officer could not reasonably believe that an open container could be in an ashtray].

The district court found that the "paper sack [was] pushed partly under the front seat in such a manner as to give the officer no reason to believe it contained a bottle or can...." The State disputes this finding, arguing, "It is not unreasonable for the officer to believe that a can could have been quickly crushed, stuffed in the sack and hurriedly attempted, albeit unsuccessfully, to be jammed under the seat." While there is testimony to that effect, there is also contrary testimony which supports the district court's finding.

The trial court is in a superior position to judge the credibility of witnesses and the weight to be accorded their testimony. *See State v. Pickar*, 453 N.W.2d 783 (N.D.1990). Conflicts in testimony must be resolved in favor of affirming the trial court. *Lorenzen, supra*. In this instance, affirming the trial court means affirming the suppression order. We conclude that there is sufficient competent evidence supporting the trial court's order and, accordingly, we affirm.

ERICKSTAD, C.J., and VANDEWALL, MESCHKE and GIERKE, JJ., concur.