Argued and submitted June 8, the decision of the Court of Appeals and judgment of the trial court affirmed August 2, 1988

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## ROBERT LEE BELCHER,
*Petitioner on Review.*

(CC 86-CR-0140-TM; CA A41457; SC S34998)

759 P2d 1096

Marshal Mussehl, Salem, argued the cause for petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent on review.

JONES, J.

**JONES, J.**

This is the companion case to *State v. Pidcock,* 306 Or 335, 759 P2d 1092 (1988). Defendant was engaged in a fight at a tavern in Bend and ran from the scene just before the police arrived to investigate the disturbance. He left behind a red backpack containing, among other things, a leather pouch that, in turn, contained jewelry which defendant would later confess he had stolen from a residence. Defendant was convicted of burglary in the first degree and appeals the trial court's denial of his motion to suppress. The Court of Appeals affirmed the conviction. *State v. Belcher,* 89 Or App 401, 749 P2d 591 (1988). We affirm the decision of the Court of Appeals.

The issue in this case is whether the backpack and its contents were abandoned and whether the police could conduct a warrantless search of the leather pouch or bag containing the jewelry which was found in the backpack.

Defendant contends that he did not intend to abandon his wallet or red backpack. However, the trial court specifically found that he had. The trial court found that defendant had gotten into an altercation outside of the tavern and then "left for his home, leaving the pack behind; no indication when if ever he decided to return for it. Amounts to abandonment." We do not disturb the trial judge's finding on this issue. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Defendant concedes:

> "Police may have reasonably looked for identification in the wallet to try and identify who was involved in the fight they were investigating and police may have been able to look into the red backpack for identification to return it to its owner. However, the search of the leather bag within the backpack was unreasonable, as the state did not establish the police could reasonably believe the leather bag contained identification and had no probable cause to search the bag for evidence of a crime."

As we held this date in *State v. Pidcock, supra,* police may search abandoned or lost property for identification of the owner. The police had just as much right to search the leather bag for identification as any other container in the backpack. The trial court observed:

"I don't think we could expect anybody to think that the police or others who might find the pack under those circumstances would not go through it thoroughly in an attempt to identify not only the identity but if the police were holding it perhaps pending somebody coming to get it, they might need to know what is in it so they don't get accused of taking something out of it along the road too."

We agree that the officers permissibly could search the contents of the backpack and bag for identification without violating Article I, section 9, of the Oregon Constitution or the Fourth Amendment to the United States Constitution.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.