Argued and submitted December 13, 1990, reversed and remanded for new trial December 11, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## JOE'L MORTON,
*Appellant.*

## (10-87-10958; CA A63124)

822 P2d 148

John Halpern, Jr., Eugene, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**DEITS, J.**

Defendant appeals her conviction for unlawful possession of a controlled substance. ORS 475.992(4)(b). She assigns error to the denial of her motion to suppress evidence found in a cigarette case in her purse. We reverse.

The facts are undisputed. Defendant entered the New Oregon Motel in Eugene and approached the counter. A clerk asked her to wait until the clerk had finished other business. Defendant waited for a few minutes and then left, leaving her purse on the counter. The clerk saw the purse, opened it and found a cigarette case inside. She opened the case and found a syringe with liquid in it. She closed the case and the purse, put the purse in a back room, called the police and told them that a woman had left a purse that contained a syringe.

Two detectives came to the motel. Detective Myers opened the purse and found a Social Security card with the name "Joel Morton," a record of birth for "Joe L. Morton," a Department of Motor Vehicles memorandum addressed to "Joel Morton," three hotel receipts for "Joe' L Morton" and a family history document for "Joe' L. Morton." He then opened the cigarette case and found a $20 bill, a syringe with liquid in it and three clear plastic baggies that contained a white powdery substance that he thought was methamphetamine. He seized the purse and its contents, including the cigarette case.

Myers waited one-half hour for defendant to return. When she did not, he instructed motel employees to call him if she did, and he left. Someone called fifteen minutes later to say that defendant was on her way back to the motel. Myers returned to the motel and posed as an employee. When defendant asked for her purse, he asked her to describe its contents. She did, and he arrested her.

The trial court found that defendant had temporarily lost or mislaid her purse but had not abandoned it.[1] It

---

[1] The trial court found:

"The Court makes a finding that leaving that purse there that purse and its contents *were what might be called lost or mislaid property*. There was no circumstance to indicate that she had severed any further interest in that purse or any of its contents and the Court finds that the more reasonable conclusion is

also found that it was expected that she would return to claim it and that, when Myers searched the purse and found the identification items, he believed that they were for a man and that he should search for something to identify a woman. There is evidence to support those findings. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). The trial court then concluded that looking in the cigarette case was reasonable, for any of three reasons: to find identification, to inventory its contents for safekeeping and "for the various reasons to which [Myers] testified," which included a search for contraband.

■■ On appeal, defendant does not argue that the police could not look through her purse, but argues that opening the cigarette case was an unreasonable search, in violation of Article I, section 9, of the Oregon Constitution. The state argues that the police had a right to look through the lost property, including the cigarette case, in order to identify its owner. In *State v. Pidcock*, 306 Or 335, 759 P2d 1092 (1988), *cert den* 489 US 1011 (1989), it was held that a finder of lost or abandoned property has a statutory duty[2] to return it to its owner and, should that finder turn the property over to the police, they in turn are placed in the position of the finder. *State v. Pidcock, supra*, 306 Or at 339. Furthermore, in searching lost property for identification, a police officer has the right to search a closed container for purposes of identifying the owner of the property. *State v. Belcher*, 306 Or 343, 346, 759 P2d 1096 (1988). We agree with the state that the police could look through the purse for identification.

Defendant argues that the holdings of *Pidcock* and *Belcher* are not applicable here, however, because the

that *she had left and could be expected to return to claim it*. She had *not abandoned it*, but she was unaware for some reason that she had left it there." (Emphasis supplied.)

[2] ORS 98.005 provides:

"(1) If any person finds money or goods valued at $100 or more, and if the owner of the money or goods is unknown, such person, within 10 days after the date of the finding, shall give notice of the finding in writing to the county clerk of the county in which the money or goods was found.

"(2) If no person appears and establishes ownership of the money or goods prior to the expiration of three months after the date of the notice to the county clerk under subsection (1) of this section, the finder shall be the owner of the money or goods."

property was not abandoned. Defendant is correct that the property was not abandoned. As the trial court found, it was lost or mislaid. The holdings of *Pidcock* and *Belcher* are not limited to property that is abandoned. As stated in *Belcher*: "As we held this date in *State v. Pidcock, supra*, police may search abandoned or lost property for identification of the owner." 306 Or at 345.

■ Defendant also argues that, even if a search for identification was permissible to identify the owner of the purse, the cigarette case should not have been opened. The police officer had found sufficient identification in the purse before he opened the cigarette case; the identification that Myers found before opening the cigarette case showed the names Joe L. Morton, Joel Morton and Joe' L Morton. The officer testified that he continued to look for identification, because he did not think that any of those was the name of the owner of the purse. He had been told by the motel employees that the purse was left by a woman, and he thought that the names on the identification were men's names. However, Myers had found seven pieces of identification in the purse with the same name with minor variations. One document was a birth certificate that showed that "Joe L. Morton" was a female. In view of that information, it was not reasonable for Myers to open the cigarette case to look for identification.

■ Even though the state seeks to sustain the trial court's ruling by arguing only that Myers was lawfully dealing with found property, we will address the trial court's other reasons. First, Myers had no probable cause to conduct an investigative search of the cigarette case for contraband. *See State v. Pidcock, supra*, 306 Or at 342. He testified, and the trial court found, that he had no probable cause. He said that he and another officer were sent to the hotel as part of the criminal investigation of a narcotics-related incident report and that he would not have been sent merely to check on a lost purse. He had been told only that the cigarette case contained a syringe.[3] Myers did not have probable cause to conduct an investigation of the cigarette case. Without that, there was no basis for opening it.

---

[3] Nothing in the purse furnished any reason to search the cigarette case.

■    Finally, we find it was also unreasonable to search the cigarette case to ascertain its contents for safekeeping. In a non-emergency, non-investigative situation, it is unreasonable for an officer to open any closed container. *State v. Rounds*, 73 Or App 148, 155, 698 P2d 71, *rev den* 299 Or 663 (1985). Myers had no probable cause to conduct an investigation, and there is no evidence that the lost purse had anything to do with an emergency.

Reversed and remanded for a new trial.