Argued and submitted June 29, affirmed December 23, 1992

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT WILLIAM PAASCH,
*Respondent.*

## (CR91-248; CA A71835)

843 P2d 1011

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

The state appeals from a pretrial order suppressing evidence found in a warrantless search. ORS 138.060(3). We affirm.

A woman found defendant's wallet at a shopping mall in The Dalles. Inside the wallet she found identification, a razor blade and a small plastic bag of what she thought was cocaine. The woman replaced all the items and gave the wallet to a clerk at the Wasco County Sheriff's office. She explained that she had found a wallet containing drugs and that she did not want anything further to do with it. She would not leave her name. After examining the wallet's contents, the clerk phoned The Dalles police, who told the clerk to send them the wallet. The clerk sent the wallet, along with a note about the drugs. Acting without a warrant, a deputy for the drug task force examined the wallet and its contents, including the bag,[1] which contained methamphetamine. The police used the identification in the wallet to find defendant.

Defendant moved to suppress the methamphetamine. The trial court found that the deputy had probable cause to search the wallet but that there was no justification for a warrantless search. On appeal, the state argues that the search of the wallet was not a search for constitutional purposes, because there is no reasonable expectation of privacy in a lost wallet. We disagree.

---

[1] Although it is not clear, the officer appears to have found the driver's license on the left and additional information on the right side of the wallet. The officer testified:

"Q. Where was the condom, razorblade and ziplock bag?

"A. It was in a side compartment where you would put identification, that type of thing, in it.

"Q. [The clerk] testified that when you opened the wallet you could see identification on one side and the other was within an area that you could not see the cocaine without pulling it open, I think she said.

"A. Well, when I opened it up I was able to — when I opened it like this (indicating) there was the plastic things where you put pictures and things like that in there. There was some I.D. in there, and there was some money in the wallet part of it. And then looking — when I held it open like this, I could see the top of the plastic baggie. I couldn't see the razorblade. And I could see the plastic wrapper that was on it.

"Q. With the identification for Lebanon and Hermiston — I think you said?

"A. Yes."

■    Article I, section 9, of the Oregon Constitution protects "the right of people to be secure in their persons, houses, papers and effects against unreasonable search, or seizure." A government action that invades a protected property or privacy interest is a search. *State v. Faulkner*, 102 Or App 417, 420, 794 P2d 821, *rev den* 310 Or 422 (1990). People have a privacy interest in wallets and other personal effects that does not disappear because the personal effect has been lost or mislaid. *See State v. Pidcock*, 306 Or 335, 759 P2d 1092, *cert den* 489 US 1011 (1988); *State v. Morton*, 110 Or App 219, 822 P2d 148 (1990). The deputy's intrusion into the compartments of the wallet was a search.

■    The question is, then, whether the circumstances justified the warrantless search. In *State v. Pidcock, supra*, the Oregon Supreme Court upheld a warrantless search of a lost briefcase for identification. The police had searched for but found no identification. Still looking for identification, they opened sealed envelopes, which turned out to contain contraband. In upholding the search, the Supreme Court said that police officers may *reasonably* search found property for identification. To be reasonable, the search must have a nonprosecutorial objective:

> "Had the deputies opened the manila envelopes in search of contraband, they would have violated defendant's state and probably federal constitutional rights." 306 Or at 342.

That is precisely what happened here. The wallet was searched for drugs *after* the deputy had found identification. A prosecutorial objective motivated the search; therefore, the warrantless search violated defendant's Article I, section 9, rights.[2]

■    The same result follows from the analysis in *State v. Morton, supra*, where a private citizen found the defendant's purse, searched it and discovered a syringe inside a cigarette case. The citizen phoned the police and told them about the lost purse and the syringe. The police examined the contents

---

[2] A prosecutorial objective can justify a warrantless search of a found item if there is probable cause and an exception to the warrant requirement. In *State v. Lichty*, 313 Or 579, 835 P2d 904 (1992), the Supreme Court upheld the warrantless search of a lost and reclaimed wallet when a named informant told the police that the wallet contained cocaine and the imminent departure of the wallet's owner made a warrantless search a practical necessity.

of the purse and found seven pieces of identification with a name variously spelled "Joel," "Joe'l," "Joe. L." They examined the identification, noticed the discrepancies in the way that the names were spelled and opened the cigarette case, ostensibly for more identification. We held that, because the police lacked probable cause[3] to conduct an investigative search, it was unreasonable for them to open the cigarette case, once they had found identification. 110 Or App at 223.

*Morton* stands for the proposition that police may search lost property to identify the owner but that the search must stop when identification is found. In this case, the deputy found two pieces of identification with the same name and different addresses. That search was reasonable. It was the failure to stop searching once identification was found that was unreasonable and violated defendant's Article I, section 9, rights.

Affirmed.

---

[3] In *Morton*, the officer conceded, and the trial court found, that the citizen's report of a syringe did not furnish probable cause to search the cigarette case. 110 Or App at 223.