Filed 2/20/02 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2002 ND 26

City of Fargo, Plaintiff and Appellee

v.

Jeremy Robert Steffan, Defendant and Appellant

No. 20010175

City of Fargo,          Plaintiff and Appellee

          v.

Christopher N. Zarak,     Defendant and Appellant

______________________

No. 20010176

______________________

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable Ralph R. Erickson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Stephen R. Dawson, Assistant City Prosecutor, P.O. Box 1897, Fargo, ND 58107-1897, for plaintiff and appellee.

Cash H. Aaland, P.O. Box 1817, Fargo, ND 58107-1817, for defendant and appellant Jeremy Robert Steffan.

L. Patrick O’Day, P.O. Box 1727, Fargo, ND 58107, for defendant and appellant Christopher N. Zarak.

City of Fargo v. Steffan

Nos. 20010175 and 20010176

VandeWalle, Chief Justice.

[¶1] Jeremy Robert Steffan and Christopher Neil Zarak appealed from judgments of conviction entered on conditional pleas of guilty.  On appeal they challenge the denial of their motions to suppress evidence found as a result of an entry of an apartment made by Fargo Police.  Steffan and Zarak contend the police entered an apartment, at which Steffan and Zarak were social guests, without a warrant or an exception to the warrant requirement, thus violating their right to be free from unreasonable search and seizure.  Accordingly, Steffan and Zarak contend all evidence produced by the entry should have been suppressed by the trial court.  We disagree and affirm.

[¶2] Officers of the Fargo Police Department responded to a report of a loud party.  Upon arriving at the scene the police heard loud talking, laughing and music coming from a particular apartment.  The police knocked on the apartment’s door and it was opened.  The police did not enter the apartment, and no one exited the apartment.  Through the open doorway of the apartment, however, the police spoke to two residents of the apartment.   During this conversation the two residents admitted to being under twenty-one years of age and to having recently consumed alcohol.  The police requested entry into the apartment, but did not have a search warrant and were refused permission to enter by the residents.

[¶3] A police officer then placed the two residents under arrest and reached into the apartment to effect the arrest.  The police officer pulled the two renters across the threshold and out from the apartment to handcuff them.  

[¶4] Steffan, a social guest at the apartment,  then came to the open door, but did not exit the apartment, nor did he close the door.  The police who were still outside the apartment asked Steffan his age and if he had been drinking alcohol.  Steffan answered he was twenty and that he had recently consumed alcohol.  The police then arrested Steffan.  The police reached into the apartment, pulled Stefan from the apartment and handcuffed him outside the apartment.

[¶5] Zarak, also a social guest, approached the door.  He too was asked his age and if he had been drinking.  Like Steffan, Zarak answered that he was twenty and that he had recently consumed alcohol.  The police arrested Zarak.  To effect the arrest police again reached into the apartment, pulled Zarak from the apartment, and handcuffed Zarak outside of the apartment.

[¶6] Steffan and Zarak were charged with possessing and or consuming alcohol in violation of Fargo N.D., Municipal Ordinance art. 10-01 § 01 (2000).  Steffan and Zarak 
appeared in Fargo Municipal Court and requested that the cases be transferred to district court.  After the charges were transferred, as allowed by N.D.C.C. § 40-18-

15.1, Steffan and Zarak filed motions to suppress all evidence discovered by police after the arrest of the two residents.  The district court denied the motions.

[¶7] Steffan and Zarak argue the seizure of the two apartment residents was an unreasonable invasion into a private home, which led to the discovery of evidence of Steffan’s and Zarak’s consuming and possessing alcohol.  Steffan and Zarak contend had the residents not been arrested Steffan and Zarak themselves would never have come to the door, and thus in contact with the police.

[¶8] 
“The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, as well as Article I, Section 8, of the North Dakota Constitution prohibit unreasonable searches and seizures.”  
City of Jamestown v. Dardis
, 2000 ND 186, ¶ 8, 618 N.W.2d 495.

[¶9] In 
United States v. Watson
, however, the United States Supreme Court held the warrantless arrest of an individual in a public place upon probable cause was not an unreasonable seizure and thus did not violate the Fourth Amendment.  
See
 423 U.S. 411, 423-24 (1976) (holding “we decline to transform [a] judicial preference [for a warrant] into a constitutional rule when the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like”). 

[¶10] Likewise, the North Dakota Century Code authorizes a law enforcement officer to arrest a person without a warrant, “[f]or a public offense, committed or attempted in the officer's presence.”  N.D.C.C. § 29-06-15(1)(a).  In such a circumstance the officer personally senses the completion or attempt of the offense and as a result, the officer has at least probable cause to believe an offense has occurred.  
See, e.g.
, 
State v. Hensel
, 417 N.W.2d 849, 852 (N.D. 1988) (explaining “[t]o establish probable cause, it is not necessary that the officer possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred”).

[¶11] Therefore, the arrest of a person in a public place for a public offense committed in the officer’s presence is neither a violation of the United States’ or North Dakota’s Constitution.

[¶12] Steffan and Zarak urge they were not in a public place, but rather in a private home and the police entry without a warrant was unreasonable.  It is true warrantless searches and seizures in a home are “presumptively unreasonable.”  
City of Jamestown v. Dardis
, 2000 ND 186, ¶ 8 (explaining “[a] physical entry into a home is a chief evil against which the Fourth Amendment protects”).  The United States Supreme Court has held, however, that a person standing within the open doorway of a house is in a public place, and hence may be arrested without a warrant permitting police entry into the house.  
Illinois v. McArthur
, 531 U.S. 326, 335 (2001); 
U.S. v. Santana
, 427 U.S. 38, 42 (1976)(citing 
Katz v. United States
, 389 U.S. 347, 351 (1967), which explained: “[w]hat a person knowingly exposes to the public, even in [his/her] own house or office, is not a subject of Fourth Amendment protection”).  

[¶13] This Court has also suggested this outcome.  In 
State v. Ackerman
,  499 N.W.2d 882, 885 (N.D. 1993), we observed: 

A guest present in a trailer house in which music is played so loudly as to cause complaints to the police and in which the odor of burning marijuana is allowed to escape through an open window and become detectable by neighbors, passersby, or police officers responding to a loud music complaint, may expect a knock at the door.  And, if the door is opened to a police officer, such a guest may expect to be arrested for a crime being committed in the officer’s presence at the time the door is opened. 

Therefore, under the search and seizure jurisprudence of both the United States Supreme Court  and the North Dakota Supreme Court, an open doorway is a public place.  

[¶14] Steffan and Zarak rely heavily upon 
City of Jamestown v. Dardis
, 2000 ND 186, and 
City of Fargo v. Lee
, 1998 ND 126, 580 N.W.2d 580.  These cases are readily distinguishable however.  In both 
Dardis
, at ¶¶ 4-6 and 
Lee
, at ¶¶ 3-6, police officers passed through doorways, entered homes and subsequently made arrests.   Here the police did not enter a home, but rather stood at an open doorway, or in other words in a public place, when they effected the arrests.

[¶15] The Fargo Municipal Ordinance, under which Steffan and Zarak were  arrested, prohibits, among other things, minors having “recently consumed . . . alcoholic beverages.”  
See
 Fargo N.D., Municipal Ordinance
 
art. 10-01 § 01 (2000).  
See also
 N.D.C.C. § 5-01-08 (“consuming or having recently consumed alcoholic beverages” by a minor is a class B misdemeanor).  It is undisputed that before they were arrested Steffan and Zarak, as well as the residents of the apartment, each admitted to police he was under the age of twenty-one and that each had recently consumed alcohol.  

[¶16] The police arrested the apartment residents and ultimately Steffan and Zarak, for committing an offense in their presence.  The offense being that of having recently 

consumed alcohol.  

[¶17] Accordingly we affirm the decisions below.

[¶18] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner