2002 ND 189

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Patrick William DUNN, Defendant and Appellee.**

No. 20020154.

Supreme Court of North Dakota.

Dec. 4, 2002.

Mark Rainer Boening, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellant.

Mark A. Beauchene, Wold Johnson, P.C., Fargo, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] The State appealed from an order granting Patrick William Dunn's motion to suppress evidence in his criminal prosecution for possession of marijuana and drug paraphernalia. We hold the police officer's search of Dunn's jacket violated Dunn's Fourth Amendment rights against unreasonable search and seizure, and we affirm the order suppressing evidence obtained as a result of the illegal search.

I

[¶ 2] The facts in this case are stipulated and not in dispute. Fargo police officers were dispatched to a private residence in South Fargo on the evening of February 23, 2002 to investigate a report of a loud party and possible fight at a private residence. When the officers arrived at the residence they discovered numerous vehicles parked in the driveway and on the street. As they approached the door of the home, they observed a black leather jacket lying on the side of the driveway. After the officers knocked, a female opened the door and told them she lived in the home. An officer then asked her "if she could tell all the people that were hiding in the basement to come out and it was time for them to leave." While waiting for her to do as the officer had requested, one of the officers picked up the jacket lying on the side of the driveway and searched the pockets. He discovered a drug pipe and a film canister containing "a green leafy vegetable material that smelled of marijuana." When Dunn exited the home he was not wearing a sweatshirt or jacket and one of the officers asked him if the black jacket that had been lying beside the driveway was his. At first Dunn denied it but then stated the jacket was his. Dunn was arrested and charged with possession of marijuana and drug paraphernalia. He subsequently filed a motion to suppress the evidence found as a result of the officer's search of the jacket pockets, asserting the search constituted a violation of his rights against unreasonable search and seizure under the Fourth Amendment of the United States Constitution and under Article 1, Section 8, of the North Dakota Constitution. After a hearing, the court entered an order granting the motion to suppress, and the State appealed.

II

[¶ 3] On appeal, the State asserts the district court erred in granting Dunn's motion to suppress evidence. The State argues the officer inadvertently discovered the contraband while seeking to identify the owner of the jacket, and the officer's actions did not constitute an illegal search under the federal or state constitutions.

[¶ 4] The Fourth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment, and Article 1, Section 8 of the North Dakota Constitution, prohibit unreasonable searches and seizures. *City of Fargo v. Steffan*, 2002 ND 26, ¶ 8, 639 N.W.2d 482. A search occurs when the government intrudes upon an individual's reasonable expectation of privacy. *State v. Winkler*, 552 N.W.2d 347, 351 (N.D.1996). When an individual reasonably expects privacy in an area, the government must obtain a search warrant unless the intrusion falls within a recognized exception to the warrant requirement. *State v. Gregg*, 2000 ND 154, ¶ 23, 615 N.W.2d 515. In the absence of such an exception, evidence obtained in violation of the Fourth Amendment's protections against unreasonable searches must be suppressed as inadmissible under the exclusionary rule. *Id.*

[¶ 5] When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact

and resolve conflicts and testimony in favor of affirmance. *State v. Haverluk*, 2000 ND 178, ¶ 7, 617 N.W.2d 652. We affirm the district court's decision unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. *Id.* Questions of law are fully reviewable. *Id.*

[¶ 6] The district court made an extensive analysis of the Fourth Amendment issue and entered the following relevant findings in its memorandum opinion:

[A] woman answered the door and identified herself as someone who lived there. Officer Benjamin told her that she had to tell the people in the basement to leave. Then Officer Stanger picked up the jacket that the officers had noticed earlier, and, without obtaining a warrant, he searched the pockets for identification. He found a drug pipe and marijuana.

. . . .

The State appears to argue that the jacket was abandoned because it was laying on the ground outside the house. The State cites to several cases, which involved statutory duties to return lost property, where the courts found the searches were valid. . . .

The common theme among these cases is that the object was found in a public place, and if people were in the vicinity, none of them claimed ownership of the object. In this case, the police found the jacket beside the driveway near the front door to a private home. Several cars were parked in the driveway and on the street by the home, and the officers knew that there were several people inside the home. This jacket was not found in a public place, and the officers never checked with the people at

the home to verify that it was actually "lost" before searching it. The cases cited by the State are inapplicable to the facts in this case.

. . . .

The State tries to justify the search by arguing that the officer was looking for identification. As already discussed, this justification fails since the officers never questioned the people in the house first to determine whether this item was actually "lost." . . .

Defendant did not abandon his jacket when he left it on the ground outside the house or when he initially denied ownership. Therefore, the search was illegal, and the evidence obtained is suppressed.

(Footnotes omitted.)

[¶ 7] Police with legitimate business may enter certain areas surrounding a home where persons may have a reasonable expectation of privacy, such as curtilage, but which are impliedly open to use by the public. *State v. Kitchen*, 1997 ND 241, ¶ 19, 572 N.W.2d 106. Consequently, the police had a right to go upon the private residence property to investigate the report of a loud party and possible fight.

[¶ 8] However, individuals have a reasonable privacy expectation in their personal property which is protected by the Fourth Amendment proscription against unreasonable search and seizure. *Commonwealth of Pennsylvania v. Brundidge*, 533 Pa. 167, 620 A.2d 1115, 1119 (1993) (motel guest retained expectation of privacy in jacket left in motel room after check out and search of jacket required judicial warrant issued upon probable cause); *State v. Grant*, 614 N.W.2d 848, 854 (Iowa App.2000) (guest in a private home retained a privacy interest in her jacket, and the homeowner did not have authority to consent to search of the jack-

et). While individuals have a constitutional privacy interest in their personal property, a warrantless search or seizure of personal property that has been abandoned does not violate the Fourth Amendment. *State v. Huether,* 453 N.W.2d 778, 780 (N.D.1990). Abandonment, in the Fourth Amendment sense, is primarily a question of intent which may be inferred from words, acts and other objective facts. *Id.* at 781. Abandonment is a question of fact dependent upon a factual inquiry. *Id.* A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. *City of Fargo v. Thompson,* 520 N.W.2d 578, 581 (N.D.1994).

[¶ 9] The officers observed the jacket lying near the driveway of the private residence as they approached the front door of the home. Although the officers observed numerous cars parked in the immediate area and the officers knew many people may be in the home attending a party, they made no inquiry, prior to searching the jacket, whether the jacket belonged to someone in the home or whether it was lost and unclaimed. The district court specifically found the jacket was not abandoned. There is sufficient competent evidence fairly capable of supporting that finding by the trial court. Consequently, Dunn, as the jacket's owner, had a reasonable expectation of privacy in the jacket protected by the Fourth Amendment. Under these circumstances, we conclude the police could not legally search the jacket pockets without a search warrant based upon probable cause to believe the jacket contained evidence of criminal activity.

[¶ 10] The State cites several cases to support its position the officers had a legal right to search the jacket in an attempt to identify its owner. We conclude, as did the district court, that all of these cases are distinguishable on their facts from this case. In *U.S. v. Sumlin,* 909 F.2d 1218, 1220 (8th Cir.1990), a woman was robbed of her purse as she arrived at her home late one evening. An officer investigating the crime scene found a blue cloth purse in an alley behind the victim's home. He searched inside the purse for identification to confirm ownership. During the search he discovered cocaine and a handgun, and the purse owner was subsequently charged with possession of contraband and illegal possession of a gun. The Eighth Circuit Court of Appeals concluded the officer's search of the purse for identification was justified, because the officer was attempting to locate and identify the reportedly stolen and missing purse. The facts in this case are clearly distinguishable. Prior to the officer's search of Dunn's jacket, no one reported the jacket stolen or lost. Furthermore, the missing purse in *Sumlin* was found in a grassy alley behind the homeowner's property, whereas the jacket in this case was lying beside the driveway on private property. We, therefore, conclude the *Sumlin* opinion does not support the officer's search of the jacket in this case.

[¶ 11] In *U.S. v. O'Bryant,* 775 F.2d 1528, 1533 (11th Cir.1985), an alleged Fourth Amendment violation occurred when an officer searched inside a discarded briefcase the officer found sitting next to an overflowing trash bin on a busy city street. The Eleventh Circuit Court of Appeals concluded that under those circumstances the owner of the briefcase did not have a reasonable expectation of privacy in it. This Court has also held that a person does not have a reasonable expectation of

privacy in the contents of discarded garbage. *See State v. Herrick*, 1997 ND 155, ¶¶ 9–10, 567 N.W.2d 336. Clearly, the jacket in this case had not been placed in the trash or discarded as a piece of garbage. We conclude the *O'Bryant* decision does not support the officer's search in this case.

[¶ 12] The State also relies upon the Oregon cases of *State v. Pidcock*, 306 Or. 335, 759 P.2d 1092, 1095 (1988) and *State v. Belcher*, 306 Or. 343, 759 P.2d 1096, 1097 (1988). In *Pidcock* a mother and daughter found a black leather briefcase lying near their mailbox. They summoned law enforcement to help them find the owner. The police searched the contents of the briefcase to identify the owner and discovered contraband. The Supreme Court of Oregon concluded that, under the circumstances, the officer's warrantless search of the discarded or lost briefcase to find the identity of its owner was justified and did not constitute a Fourth Amendment violation. In *Belcher*, the defendant, after engaging in a fight in a tavern, ran from the scene and left behind a red backpack. The trial court found that the defendant had abandoned the backpack. The Supreme Court of Oregon concluded the police did not violate the defendant's Fourth Amendment rights in searching the contents of the abandoned backpack for identification of the owner. In both of these Oregon cases the items searched by the police clearly had been abandoned or lost with no identified owner, and the court concluded the police were lawfully justified in searching the contents of the items to identify the rightful owners. Both cases are distinguishable from the facts in this case, because the officer's search of the jacket was conducted prior to any inquiry or ascertainment by the officer whether the jacket was lost or abandoned and unclaimed.

III

[¶ 13] We conclude that the officer's warrantless search of Dunn's jacket, under the circumstances of this case, violated Dunn's Fourth Amendment rights against unreasonable search and seizure. The search did not fall outside the protections of the Fourth Amendment as a permissible inspection to identify the owner of personal property, because the circumstances did not justify an inference that the jacket was stolen, lost, or abandoned. Furthermore, there is no claim the officer's search was based upon probable cause to believe the jacket contained evidence of criminal activity. We, therefore, hold there is sufficient competent evidence fairly capable of supporting the trial court's findings and its decision is not contrary to the manifest weight of the evidence, and we affirm.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.