Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 236

State of North Dakota, Plaintiff and Appellant

v.

Carlos Aguilar, Defendant and Appellee

Nos. 20110123-20110124

State of North Dakota, Plaintiff and Appellant

v.

Robert Sanchez, Defendant and Appellee

Nos. 20110125-20110126

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Brian David Grosinger (argued), Assistant State’s Attorney, 210 2nd Avenue NW, Mandan, ND 58554, for plaintiff and appellant.

Kent M. Morrow (argued), 411 North 4th Street, P.O. Box 2155, Bismarck, ND 58502-2155, for defendant and appellee Carlos Aguilar.

Steven Balaban (argued), 200 North Mandan Street, Bismarck, ND 58501, for defendant and appellee Robert Sanchez.

State v. Aguilar

Nos. 20110123-20110126

Crothers, Justice.

[¶1] The State appeals a district court order suppressing evidence discovered during a vehicle search following an alert by a drug detection dog.  We reverse and remand for further proceedings.

I

[¶2] During routine patrol on December 17, 2010, North Dakota Highway Patrol Officer Christa Sommer encountered a vehicle stuck in the snow in the median of Interstate 94 near Mandan.  Officer Sommer approached the vehicle, making contact with the driver, Carlos Aguilar, and the passenger, Robert Sanchez.  Officer Sommer asked Aguilar for his driver’s license and registration.  While Officer Sommer was checking Aguilar’s documents, a tow truck arrived and pulled the vehicle out of the ditch.  Officer Sommer’s document check revealed Aguilar’s California driver’s license was suspended and the vehicle was a rental.  Officer Sommer arrested Aguilar for driving under suspension and placed him in the back of her patrol car. 

[¶3] After arresting Aguilar, Officer Sommer radioed for assistance.  While waiting for additional officers to arrive, Officer Sommer approached Sanchez and asked him for identification.  Officer Sommer ran Sanchez’s identification card and discovered his California driver’s license was also suspended.  Highway Patrol Officers Jeremie Meisel, Dan Krueger and Jeremiah Bohn arrived at the scene.  Officer Meisel brought a drug detection dog.  Officer Meisel used the dog to conduct a sniff of the exterior of Aguilar’s vehicle.  The dog indicated the vehicle contained a controlled substance.  The officers searched the vehicle’s interior and discovered a bag of methamphetamine and a glass pipe in the vehicle’s headliner.  Officer Sommer arrested Sanchez and placed him in the back of her patrol car.  Aguilar’s vehicle was secured and left at the scene.  Aguilar and Sanchez were transported to the Morton County Jail.

[¶4] On December 18, 2010, law enforcement decided to search the vehicle before returning it to the rental agency.  Officers Bohn and Meisel retrieved the vehicle and conducted a search during which they discovered several bags of methamphetamine inside a piece of flexible electrical conduit near the spare tire compartment. 

[¶5] Aguilar and Sanchez were charged with possession of methamphetamine, possession of drug paraphernalia and possession methamphetamine with intent to deliver.  Aguilar and Sanchez moved to suppress all the methamphetamine and drug paraphernalia discovered in the vehicle.  They argued that the evidence discovered during the initial search should be excluded because the use of the drug detection dog violated the Fourth Amendment and that the evidence discovered during the subsequent search should be excluded as fruit of the poisonous tree. 

[¶6] The district court held a suppression hearing.  Officer Sommer, the only witness, testified that when she arrested Aguilar for driving under suspension, she did not have any suspicion Aguilar possessed drugs.  She further testified she did not request a drug detection dog when she radioed for assistance and did not ask Officer Meisel to employ the drug detection dog.  The district court concluded the use of the drug detection dog violated the Fourth Amendment.  The district court suppressed the evidence discovered during the initial search due to the Fourth Amendment violation and the methamphetamine discovered during the subsequent search as fruit of the poisonous tree.  The State appealed. 

II

[¶7] The State argues the district court erred by suppressing all the evidence because the defendants’ Fourth Amendment rights were not violated by the sniff of the vehicle’s exterior.  Aguilar and Sanchez argue all the evidence was properly suppressed because the sniff violated their Fourth Amendment rights.  The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures.  The question before us is limited to whether the district court erred by concluding the sniff violated the Fourth Amendment. 

[¶8] “The trial court’s disposition of a motion to suppress will be affirmed unless, after resolving conflicting evidence in favor of affirmance, there is insufficient competent evidence fairly capable of supporting the trial court’s findings or the decision is contrary to the manifest weight of the evidence.”  
State v. Fields
, 2003 ND 81, ¶ 6, 662 N.W.2d 242. 

A

[¶9] The State argues the sniff by the drug detection dog was not a search.  Aguilar and Sanchez argue the sniff was a search because they had a reasonable expectation of privacy in the vehicle and its contents.

[¶10] A Fourth Amendment search “occurs when the government intrudes upon an individual’s reasonable expectation of privacy.”  
State v. Dunn
, 2002 ND 189, ¶ 4, 653 N.W.2d 688.  We have held that a sniff by a drug detection dog “does not, in and of itself, implicate a person’s legitimate expectations of privacy.”  
State v. Ressler
, 2005 ND 140, ¶ 21, 701 N.W.2d 915.  Officer Meisel used the drug detection dog to sniff the exterior of a vehicle parked on a public road.  The sniff was not a search within the meaning of the Fourth Amendment because it did not intrude upon the defendants’ reasonable expectations of privacy.  
See
 
State v. Gefroh
, 2011 ND 153, ¶ 9, 801 N.W.2d 429 (citing 
United States v. Place
, 462 U.S. 696, 707 (1983)).

B

[¶11] The State argues Aguilar was not illegally seized longer than necessary to effectuate the traffic stop because he was arrested before Officer Sommer requested assistance.  Aguilar argues he was illegally seized because the purpose of the initial stop ended before the sniff occurred. 

[¶12] Aguilar relies on our decision in 
State v. Fields
, 2003 ND 81, 662 N.W.2d 242.  In 
Fields
, we considered the constitutionality of a sniff conducted during a traffic stop.  After recognizing that the investigative detention framework established in 
Terry v. Ohio
, 392 U.S. 1, 20 (1968), applies to traffic stops, we outlined the test for determining whether extending the detention of an individual to wait for a drug detection dog amounts to an unconstitutional seizure:

“Once the purposes of the initial traffic stop are completed, a continued seizure of a traffic violator violates the Fourth Amendment unless the officer has a reasonable suspicion for believing that criminal activity is afoot.  
See
 
[United States v.] Jones
, 269 F.3d [919,] 925 [(8th Cir. 2001)].  Therefore, the constitutional inquiry in this case is reduced to two determinations: whether Fields was ‘seized’ within the meaning of the Fourth Amendment when he was held awaiting the arrival of the drug detection dog, and if so, whether there was a reasonable suspicion to support the seizure.  
See
 
id.
”

Fields
, at ¶ 10. 

[¶13] Aguilar’s reliance on 
Fields
 is misplaced because Aguilar was arrested for the traffic offense before Officer Sommer requested assistance.  
Fields
 applies when an individual who would otherwise be free to leave is detained due to a request for a drug detection dog.  Aguilar’s detention was not the result of a drug detection dog request.  Aguilar concedes he was lawfully arrested for driving under suspension before Officer Sommer called for assistance.  Aguilar was not illegally seized during the sniff because he was lawfully arrested before the additional officers were called to the scene.

C

[¶14] The State argues Sanchez was not illegally seized because he was not being detained until he was arrested for possessing the methamphetamine and the pipe.  Sanchez relied on Aguilar’s arguments at the suppression hearing and did not present any evidence that Sanchez was seized while Officer Sommer was waiting for additional officers to arrive.  

[¶15] A Fourth Amendment seizure occurs “only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.”  
Fields
, 2003 ND 81, ¶ 11, 662 N.W.2d 242 (quoting 
State v. Koskela
, 329 N.W.2d 587, 589 (N.D. 1983)).  At the district court suppression hearing, Sanchez presented no evidence that he was not free to leave before he was arrested, and nothing in the record suggests otherwise.  The sniff did not violate Sanchez’s right to be free from unreasonable seizures because Sanchez was not seized until after the sniff occurred.

III

[¶16] We conclude the district court erred by determining the use of the drug detection dog violated the defendants’ Fourth Amendment rights.  We reverse the district court order granting the suppression motion and remand for further proceedings consistent with this opinion.

[¶17] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.