# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 135

State of North Dakota,                                        Plaintiff and Appellee

v.

Michael Lee Stands,                                        Defendant and Appellant

No. 20210053

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Derek K. Steiner, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Elizabeth B. Brainard, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Michael Lee Stands appeals from a criminal judgment after a jury found him guilty of possession with intent to manufacture or distribute methamphetamine. Stands argues he was seized in violation of the Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution, his hotel room was entered in violation of the Fourth Amendment, and all evidence obtained must be suppressed under the exclusionary rule. We affirm.

I

[¶2]   On July 17, 2020, the Fargo Police Department received a report of a stolen pickup. The vehicle owner informed officers there were firearms, knives, and other items in the pickup when it was stolen. Later the same day, the pickup was located unoccupied in the parking lot of a Fargo hotel. At the time, the hotel had few guests due to the COVID-19 pandemic.

[¶3]   An officer testified only three rooms were occupied when the vehicle was located. Hotel staff told the officer they believed the individual associated with the vehicle was staying in room 139. The pickup was parked directly outside that room. The room was rented to a female. The owner of the pickup arrived and examined the vehicle with officers, determining at least one of the firearms previously in the vehicle was missing. The officer called for backup and waited for their arrival prior to making contact with the room. A police supervisor arrived and asked officers to wear protective gear since firearms were missing from the vehicle. A K-9 trained only in explosive detection and suspect apprehension, not drug detection, was brought to the door of the room.

[¶4]   Officers knocked on the door and eventually Timothy Binstock opened the door. The officer at the door testified when Binstock opened the door he was grabbed and detained. The officer testified Stands subsequently exited the room voluntarily and was detained. After Binstock and Stands were detained, several officers and the K-9 conducted a protective sweep of the room. After the

sweep, the officers left the room and sealed it while obtaining a search warrant. Upon searching under the warrant officers found multiple items from the stolen pickup as well as drug paraphernalia, several bags of methamphetamine, marijuana, and a scale with residue on it. Stands was arrested and charged with possession of methamphetamine with intent to manufacture or distribute.

[¶5] Stands filed a motion to suppress, arguing police entered the hotel room and seized him in violation of his Fourth Amendment rights and rights under the North Dakota Constitution and that the search warrant was based on information impermissibly obtained from Stands while he was detained in violation of his rights. The district court denied the motion, finding the initial seizure of both Binstock and Stands was lawful and predicated on reasonable suspicion. The court also found that the officer reached across the threshold of the doorway to grab Stands, but because the officer's feet did not cross the threshold the seizure was lawful.

[¶6] A jury found Stands guilty of possession with intent to manufacture or deliver methamphetamine. Judgment was entered accordingly and Stands appealed.

## II

[¶7] Stands argues he was seized in violation of his rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution. Stands asserts he was illegally seized because an officer reached over the threshold of the door into the hotel room to grab him when he was detained.

## A

[¶8] When reviewing a district court's ruling on a motion to suppress, we affirm the district court's decision unless we conclude "there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence." *State v. Gregg*, 2000 ND 154, ¶ 19, 615 N.W.2d 515. "Although the underlying factual disputes are findings of fact,

whether the findings meet a legal standard, in this instance a reasonable and articulable suspicion, is a question of law." *Id.* at ¶ 20. Questions of law are fully reviewable on appeal. *Id.*

[¶9] "The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures." *State v. Gagnon*, 2012 ND 198, ¶ 8, 821 N.W.2d 373. "[P]hysical entry into a home is a chief evil against which the Fourth Amendment protects." *City of Jamestown v. Dardis*, 2000 ND 186, ¶ 8, 618 N.W.2d 495. "No less than a tenant of a house . . . a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures." *Stoner v. California*, 376 U.S. 483, 490 (1964). However, a person standing in an open doorway of a house is in a public place, and may be arrested without a warrant permitting entry into the home. *Illinois v. McArthur*, 531 U.S. 326, 335 (2001); *U.S. v. Santana*, 427 U.S. 38, 42 (1976). This Court has adopted that reasoning, holding an open doorway is a public place. *City of Fargo v. Steffan*, 2002 ND 26, ¶ 13, 639 N.W.2d 482.

[¶10] "Under the Fourth Amendment of the United States Constitution, police may, in appropriate circumstances and in an appropriate manner, detain an individual for investigative purposes when there is no probable cause to make an arrest if a reasonable and articulable suspicion exists that criminal activity is afoot." *Anderson v. Dir., N.D. Dept. of Transp.*, 2005 ND 97, ¶ 8, 696 N.W.2d 918 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). In evaluating a factual basis for an investigative stop the court must consider the totality of the circumstances and information known to the officer at the time of the stop. *See City of Fargo v. Ovind*, 1998 ND 69, ¶ 8, 575 N.W.2d 901. The court applies this test to decide "whether a seizure is justified, noting if there is reasonable and articulable suspicion that a person has committed or is about to commit a crime, the seizure is justified." *State v. Casson*, 2019 ND 216, ¶ 14, 932 N.W.2d 380.

[¶11] Stands argues he was illegally seized because an officer reached over the threshold to grab him when he was initially detained. The district court found an officer did reach across the threshold to detain Stands. However, Stands' argument fails because an open doorway is a public place. *Steffan*, 2002 ND

26, ¶ 13. In public places, an officer may, "in appropriate circumstances and in an appropriate manner, detain an individual for investigative purposes when there is no probable cause to make an arrest if a reasonable and articulable suspicion exists that criminal activity is afoot." *Anderson*, 2005 ND 97, ¶ 8.

[¶12] Stands claims the district court improperly relied on our holding in *Steffan* to determine his seizure was lawful. According to Stands, the only reason officers were allowed to reach across the threshold in *Steffan* was because they observed a crime in their presence. This Court's conclusion in *Steffan* that the officers' movements across the doorway were lawful was due in part to the officers' direct observation of a crime providing the reasonable suspicion necessary to conduct a seizure. 2002 ND 26, ¶¶ 10-11. However, an inquiry as to reasonable suspicion is fact-intensive and based on the totality of the circumstances. *See Ovind*, 1998 ND 69, ¶ 8. In *Steffan*, officers engaged with an apartment full of people where it would have been difficult if not impossible to formulate the reasonable articulable suspicion necessary to conduct a seizure without having viewed the individuals allegedly taking part in criminal activity. *Steffen*, at ¶¶ 2-4. Here, officers arrived on scene to discover a stolen pickup directly outside of one of only three rooms rented in an entire hotel. The link between the object of the crime and the potential suspects here is not so attenuated as in *Steffan*.

### B

[¶13] Stands argues his warrantless seizure was not supported by reasonable articulable suspicion sufficient to allow officers to conduct an investigatory stop. Here, officers found the stolen pickup directly outside room 139. Hotel staff believed the truck was associated with the occupants of room 139. There was no reason for officers to believe hotel staff were not credible nor that the vehicle owner was unreliable in relaying that his pickup was stolen or that items were missing. A reasonable officer could have made the inference from available information that the occupants of room 139 stole the pickup and its contents. The proximity of the stolen vehicle to the room, the few occupants in the hotel, and the staff's beliefs the truck belonged to the occupants of room 139 all contribute to such an inference. Therefore, Stands was not seized

without reasonable articulable suspicion and in violation of his Fourth Amendment rights.

## III

[¶14] Stands argues law enforcement was required to but did not have a warrant when they entered the hotel room to conduct a sweep. Stands asserts that without a warrant, and without an applicable warrant exception, his hotel room was impermissibly entered and the proper remedy for the Fourth Amendment violation is suppression of evidence obtained under the search warrant as fruit of the poisonous tree.

[¶15] Commonly referred to as the fruit of the poisonous tree doctrine, any evidence obtained as a result of illegally acquired evidence must be suppressed unless a warrant exception applies. *See Gregg*, 2000 ND 154, ¶ 39. However, evidence should not be suppressed or excluded unless the illegality is a but-for cause of obtaining the evidence. *Hudson v. Michigan*, 547 U.S. 586, 591-92 (2006). Here, no evidence was located during the officers' sweep of the room and no information was gathered during the sweep that was used to obtain the search warrant. Thus, even assuming Stands' argument the officers illegally entered the hotel room to conduct a sweep is correct, the alleged illegality was not a but-for cause of obtaining any evidence. Therefore, suppression was not warranted and the district court's denial of Stands' motion to suppress is supported by competent evidence and not contrary to the manifest weight of the evidence.

## IV

[¶16] The criminal judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte